IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN PATRICK SMILEY, #15495-081, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 11-cv-353-JPG ) ) |
| UNITED STATES of AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Steven Patrick Smiley, an inmate in FCI-Phoenix, brings this action seeking the return of property seized from him in connection with the criminal proceedings against him in this District which resulted in his conviction. Plaintiff was sentenced by this Court to a total of 57 months for mail fraud, aggravated identity theft, and access device fraud, and was ordered to pay restitution in the amount of $24,159.82 (Case No. 10-cr-40016-JPG). This matter is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Upon careful review of the complaint, the Court finds that Plaintiff's complaint should receive further consideration.

**The Complaint**

Plaintiff states that his home at 1318 Gartside Street in Murphysboro, Illinois, was searched by the local police and county sheriff's officers pursuant to a search warrant in April 2006. Plaintiff later pled guilty and waived his rights to appeal or collaterally attack his conviction or sentence.

The items taken during execution of the search warrant included articles of mail relevant to the criminal proceedings, which Plaintiff acknowledges should not be returned to him. However, the authorities also seized electronic items including a computer, television, compact discs, ID cards, address books, and other regular household property items which Plaintiff claims were not related to the criminal case. Plaintiff asserts that these items are in the possession of the Defendant because during the criminal proceedings, the Assistant U.S. Attorney told Plaintiff's lawyer that the property was in storage, as was a videotape of the execution of the search warrant.

Plaintiff requests, pursuant to Federal Rule of Criminal Procedure 41(g), that all of the

seized property be returned and released to his brother, Christopher Smiley, unless the Defendant can prove that the items were related to the crime.

**Discussion**

Federal Rule of Criminal Procedure 41(g) provides that a motion may be filed seeking the return of property seized by the government:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g). When such a motion is filed by a defendant who has been convicted, the action should proceed as a civil matter. *See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). An action for the return of property filed by a prisoner is subject to the Prison Litigation Reform Act. *United States v. Shaaban*, 602 F.3d 877, 878-79 (7th Cir. 2010).

Plaintiff's motion to proceed in forma pauperis has been approved, and he has paid his initial partial filing fee. At the pleadings stage, his complaint is sufficient to state a claim for the return of his personal property pursuant to Rule 41(g). Accordingly, Plaintiff's claim shall receive further review.

**Disposition**

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by

registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 2, 2012**

                  *s/J. Phil Gilbert*
                  **United States District Judge**