IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN PATRICK SMILEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: **3:11-cv-00353-JPG-PMF** |
| | ) |
| **USA,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Steven Patrick Smiley's motion for return of property (Doc. 1) filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The plaintiff is presently incarcerated at the Federal Correctional Institution in Phoenix, Arizona ("FCI-Phoenix"). Defendant USA has filed a response (Doc. 15) to the motion, and the plaintiff has filed a reply (Doc. 16). For the following reasons, it is recommended that the plaintiff's motion for return of property (Doc. 1) be denied.

Plaintiff Smiley plead guilty to mail fraud, aggravated identity theft, and access device fraud in this District on September 30, 2010. *United States v. Steven A. Smiley,* Case No. 10-cr-40016-JPG (S.D.Ill., September 30, 2010). Smiley was sentenced to 57 months in federal custody and ordered to pay restitution in the amount of $24,159.82. *Id*. He now brings this motion seeking return of property seized from him in connection with the criminal proceedings against him in this District. In particular, Smiley seeks return of certain items that were seized in connection with the execution of a search warrant and unrelated to the underlying crimes for which he was convicted, including a computer, television, compact discs, ID cards, address

1

books, and numerous other regular household property items. Doc.1 at 1. Smiley asserts that these items are in the possession of the United States government ("government") because the Assistant U.S. Attorney involved with his criminal proceedings informed Smiley's lawyer that the property was in storage, as was a videotape of the execution of the search warrant.

"Rule 41(g) of the Federal Rules of Criminal Procedure provides a mechanism by which criminal defendants may recover property seized by the Government." *United States v. Stevens*, 500 F.3d 625, 627-28 (7th Cir. 2007). The Seventh Circuit has held that "a federal prisoner may employ Rule 41(g) post-trial to recover evidence that the Government no longer needs." *Id*. at 628. (citing *United States v. Sims*, 376 F.3d 705, 708 (7th Cir.2004)). "However, Rule 41(g) permits only the recovery of property in the possession of the Government." *Id*. If the government comes forward with evidence that it "no longer possesses the property at issue, no relief is available under Rule 41(g)." *Id*. at 628-29 (citing *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir.2003)).

Here, the government has submitted evidence in the form of the sworn affidavit of Thomas E. Leggans, Assistant United States Attorney ("AUSA"), attesting that "[t]he evidence and exhibits that comprised the case of *United States v. Steven A. Smiley* were and are in the possession of the Muphysboro, Illinois, Police Department …" Doc. 15-1. In accordance with *Stevens*, Smiley's motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure should be denied.

The fact that federal authorities investigated and prosecuted Smiley's federal case doesn't necessarily mean that federal authorities are now in possession of the property, constructively or otherwise. Similarly, the fact that Smiley viewed a videotape of the execution of the search warrant at his residence during his criminal proceedings does not raise questions about whether

the government presently has constructive possession of the items. AUSA Leggans has indicated that the items are in the possession of the Muphysboro Police Department ("MPD"). Doc. 15-1. Accordingly, it appears that the appropriate avenue for return of the items in question is with them. Although Smiley has indicated that he has had difficulty obtaining the items from the MPD, he should continue to pursue those remedies.

Smiley has also indicated that if the Rule 41(g) relief is not granted, the Court should consider converting this case to a cause of action against the state and federal authorities responsible for losing or destroying the property. *See* Doc. 16 at 2. However, this course of action is not advisable because there is presently no indication from the record that the items in question have been lost or destroyed.

## RECOMMENDATION

For the forgoing reasons, it is recommended that the plaintiff's motion for return of property (Doc. 1) be denied.

**SO RECOMMENDED.**

**DATED: October 2, 2012.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE